Judge Robertson
delivered the opinion of the Court.
Dana having obtained judgment against Robert Crocket, caused executions to issue thereon* which were returned “no property.” He then filed this bill in chancery, against Crocket and the commissioners of the Farmer’s Bank of Jessamine, to subject to his judgment, stock owned by Crocket in that bank.
Crocket did not answer, and the commissioners admit that he has stock, in his own name, to the amount of $800; in that of his wife, for $800, and in those of his children, for $400; but insists that he owes the bank a debt larger than the amount of the stock in his own name.
The circuit court dismissed the bill absolutely, and the decree has been reversed by the late judges of this court, on the ground that the stockholders were nece *305 ssary parties, and therefore, the bill Ought to have been dismissed without prejudice.
We have granted a rehearing, and now decide, that the stockholders were not necessary parties, and that Dana is entitled to relief out’of the $800 in Crocket’s own name.
The Bank of Jessamine is one of those which had forfeited their charters. Its concerns were confided to the commissioners (who are defendants-,) to be wound up by them. When this suit was brought, the Bank was not only “functus officio f and therefore, could neither sue nor be sued,in its corporate capacity, but, as its interests were all, bylaw, vested in the commissioners, and its funds all placed in their possession, these funds might be attached in their hands, in chancery, by a creditor of a stockholder; and in such a suit it is not necessary to make the stockholder^ parties. If; notwithstanding the forfeiture, the stockholders might be considered the legal owners of the stock, still, in equity, the stock in the possession of the commissioners; maybe attached, without making the stockholders defendants. Because the commissioners are appointed by law to represent ahd act for them, and therefore, they are bound by the acts of the commissioners. But it is clear, that the stockholders can only act through the commissioners.
A bankrupt is not a necessary party to a suit against his commissioners. Wherever there is a multitude of persons interested, and there is such a privity among them, as to render a decree against some, obligatory on all, the omission to make all, parties to a bill in relatioft to the joint stock; is not objectionable. Thus, ill a bill against the committee of a voluntary society, it is not necessary to make the members of the society, defendants. Cooper’s Equity, 40.' Such seems to be the relation between the commissioners and the Stockholders, in this case.
The legislature, in authorizing the business of the bank to be done by commissioners, intended that it should be done without the intervention of the stockholders, otherwise, there would have been no motive for the appointment of commissioners. This provi *306 sion of the act of assembly, was intended for the benefit and convenience of the stockholders, and their debtors and creditors; and sorely it would never have been made, if the stockholders were expected to sue and be sued, or were supposed to have any right of action without the act.
The commissioners had no lien upon the stock to give precedence.
The Lis Pendens gives priority.
Dana, for plaintiff; Haggin, for defendants.
We are of opinion that it was not necessary that Dana should have made the stockholders defendants, with the commissioners. The latter seem to occupy the places of the president and directors, in equity.
The claim of the commissioners to retain Crockett’s stock, fora debt alleged to be due by him to the bank, cannot avail them in opposition to the right of Dana. There is no evidence that Crocket is indebted to the bank, if there were, the bank had no lien on his stock, and no right to precedence over other creditors.
The “Lis pendens” in this case, gives Dana the priority. 1 Litts. Repts. 308; 4 Burrow, 2214; Lit. Set. Ca. 279; 4 Bibb, 340; Ib. 243; 3 Monroe, 126; 3 Atkin. 356; Edhill vs. Hayword.
The decree is, therefore, reversed, and the cause remanded with instructions to entera decree in favor of Dana, to be satisfied out of the stock in Crockett’s own name.